IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON DOUGLAS McEVOY, | No. CIV S-08-2245-FCD-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| SALAZAR, | |
| Respondent. | |
| _____/ | |

      Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's petition for a writ of habeas corpus (Doc. 1).

      Petitioner challenges his conviction on two counts of oral copulation with a minor and three counts of child molestation.  According to petitioner, he was sentenced to the upper term of three years on Count 1, a consecutive term of eight months on Count 2, a consecutive term of one year on Count 5, and prison terms on Counts 3 and 4 to run concurrently.  On direct appeal to the California Court of Appeal, petitioner argued "[f]ederal constitutional error in imposition of upper and consecutive term."  The Court of Appeal affirmed the conviction and sentence and the California Supreme Court denied review.  Petitioner states that he filed a post-

conviction action in the Sacramento County Superior Court which, as of the date the instant federal petition was filed on September 3, 2008, was still pending.[1]  He states that in the state court post-conviction action he argues "[i]mproper sentencing for Count Two."  In his federal petition, petitioner argues:  "The trial court's imposition of upper and consecutive term violated petitioner's constitutional rights to jury trial and due process," citing Apprendi v. New Jersey, 530 U.S. 466 (2000).

        Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In the instant case, it is plain that petitioner is not entitled to federal habeas relief.  Petitioner's argument appears to raise two distinct claims:  (1) the trial court imposed the upper term on Count 1 based on facts which had not been found by a jury; and (2) the trial court improperly imposed consecutive sentences.  Neither of these claims implicates Apprendi or its progeny.  As to imposition of the upper term, the California Court of Appeal address this claim on direct review:[2]

> The trial court imposed the upper term of three years on count one, one-third the middle term on count two, and one year each on counts three and four, to run concurrently to the terms imposed on counts one and two. In imposing the upper term, the court cited several aggravating factors, one of which was the fact that the jury convicted defendant of crimes for which he could have received consecutive terms but did not. (Cal. Rules of Court, rule 4.421(a)(7) (hereafter "rule 4.421(a)(7)").
>
> [Apprendi and its progeny] describe[] three types of factors that a trial judge may properly use to impose an aggravated sentence:  (a) 'the fact of a prior conviction" (citation omitted); (b) "facts reflected in the jury verdict" (citation omitted); and (c) facts "admitted by the defendant" (citation omitted).  Unlike other facts relating to the crime listed in California Rules of Court, rule 4.421(a), the conviction of other crimes for which consecutive sentences could have been imposed is a fact reflected in the jury verdict, i.e., the jury found defendant guilty, beyond a reasonable

---

[1] Although petitioner states elsewhere in the federal petition that he does not have any petitions currently pending.

[2] The Court of Appeal's decision is attached to the petition.

> doubt, of more than one offense.
> As a matter of law, the trial court could have ordered the terms for the convictions on counts three and four to run consecutively to the convictions on counts one and two. (citation omitted). Therefore, the factual basis for imposing the upper term is the jury's finding, beyond a reasonable doubt, that defendant committed multiple crimes.

Petitioner was sentenced to the upper term on Count 1 because the jury found that he also committed other crimes for which consecutive sentences could have been imposed. There was no fact which was not found by the jury which served as the basis for the upper term sentence. Petitioner's <u>Apprendi</u> claim is plainly meritless. Similarly, nothing in <u>Apprendi</u> or its progeny implicates consecutive sentencing. <u>See</u> <u>United States v. Fifield</u>, 432 F.3d 1056, 1067 (9th Cir. 2005) (holding that "the imposition of consecutive sentences does not violate the Sixth Amendment").

Based on the foregoing, the undersigned recommends that petitioner's petition for a writ of habeas corpus (Doc. 1) be summarily dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. <u>See</u> <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 24, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE